FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2015 JUN 25 P 3: 49

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No. 1:12-CR-367 |
| | ) | The Hon. James C. Cacheris |
| CHARLES KUMAH, | ) | |
| *Defendant.* | ) | |

### DEFENDANT'S UNOPPPOSED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)

COMES NOW the Defendant, CHARLES KUMAH, by and through counsel, and respectfully moves this Court pursuant to 18 U.S.C. § 3582(c) for an order reducing his term of imprisonment from 100 months to 50 months. Undersigned counsel has conferred with the U.S. Attorney's Office, and the government does not oppose this motion.

### PROCEDURAL BACKGROUND

On August 21, 2012, Mr. Kumah pled guilty to conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§841(a)(1) and 846, in accordance with the terms of a written plea agreement. On November 9, 2012, the Court imposed a sentence of 240 months imprisonment, the mandatory minimum. On December 31, 2013, the Court reduced Mr. Kumah's sentence to 100 months. Pursuant to the recent changes to United States Sentencing Guidelines §2D1.1, made retroactive by Amendment 782, Mr. Kumah now requests that the Court reduce his sentence to 50 months.

### ARGUMENT

Effective November 1, 2014, the U.S. Sentencing Commission amended U.S.S.G. § 2D1.1 to lower the offense levels for all controlled substances. *See* U.S.S.G. App. D amend. 782. On July 18, 2014, the Commission voted to make this amendment retroactive effective

November 1, 2014, with a special instruction that the effective date of any order reducing a term of imprisonment based on Amendment 782 must be November 1, 2015, or later. *See* U.S.S.G. § 1B1.10(d)-(e). Under U.S.S.G. § 1B1.10, Mr. Kumah is eligible for relief under the amended advisory guideline range. Pursuant to 18 U.S.C. § 3582(c), this Court has the authority to reduce Mr. Kumah's sentence.

A. **The Court Has the Authority under 18 U.S.C. § 3582(c) to Reduce the Defendant's Sentence.**

Section 3582(c)(2) of Title 18 of the United States Code provides that a court may modify a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As discussed below, the Sentencing Commission has lowered the sentencing range applicable in Mr. Kumah's case. Therefore, the Court has authority pursuant to 18 U.S.C. § 3582(c) to reduce Mr. Kumah's sentence.

B. **The Defendant is Eligible for Relief under U.S.S.G. § 1B1.10.**

Newly amended U.S.S.G. § 1B1.10[1] states that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(1). Amendment 782 is listed in subsection (d). *See* U.S.S.G. § 1B1.10(d).

The advisory guideline range applicable to Mr. Kumah's sentence has been lowered. Specifically, retroactive application of the amendment to the drug guideline changes the applicable offense level and corresponding guideline range as follows:

---

[1] Section 1B1.10 was most recently amended in 2014.

2

| Guideline Calculation | | |
|---|---|---|
| Drug Quantity: 5kg – 15kg cocaine (PSR Wksht. A) | | |
|  | Sentencing | Amendment 782 |
| Date: | November 9, 2012 |  |
| Base Offense Level: | 32 | 30 |
| Acceptance of Responsibility | -3 | -3 |
| Adjusted Offense Level: | 29 | 27 |
| Criminal History Category: | Category V | Category V |
| Guideline Range: | 140-175 months | 120-150 months |
| Sentence Imposed: | 240 months *reduced to* 100 months | 120 months *reduced to* 50 months *suggested sentence* |

The Court originally imposed a sentence of 240 months, the mandatory minimum. On December 13, 2013, the Court reduced Mr. Kumah's sentence from 240 months to 100 months.[2] Because the advisory guideline range applicable to Mr. Kumah has been lowered by Amendment 782, U.S.S.G. § 1B1.10 provides that he is eligible for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c). Specifically, Mr. Kumah's amended guideline range is 120 to 150 months.[3] A reduction at the low end of the amended guideline range, proportionately reduced in accordance with U.S.S.G. § 1B1.10(b)(2)(B), results in a sentence of 50 months.

A reduction to Mr. Kumah's sentence is consistent with the policy statements in U.S.S.G. § 1B1.10. First, the exclusions in § 1B1.10(a)(2) -- prohibiting relief if the amended guideline is not retroactive or does not lower the defendant's sentence -- do not apply to Mr. Kumah. As noted above, Amendment 782 has been made retroactive and would lower Mr. Kumah's sentence. Second, while § 1B1.10(b)(2)(A) prohibits sentence reductions below the amended

---

[2] *See* Order (December 13, 2013, Docket No. 63) (under seal).
[3] On August 14, 2012, the government filed a criminal information pursuant to 21 U.S.C. § 851 notifying the Court of Mr. Kumah's prior drug conviction, increasing his mandatory minimum from ten years to twenty years. Pursuant to U.S.S.G § 1B1.10(c), the mandatory minimum no longer applies.

3

advisory guideline range. Mr. Kumah falls within the exception carved out by § 1B1.10(b)(2)(B). Finally, the application notes to the policy statement direct the Court to consider public safety and post-sentencing conduct when imposing a reduced sentence. *See* U.S.S.G. § 1B1.10, comment. n.1(B)(ii) and (iii). As discussed in more detail below, a sentence reduction to 50 months is consistent with these considerations.

U.S.S.G. § 1B1.10(e)(1) provides that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." Application notes to the policy statement provide, however, that the Court is not precluded from entering orders under 18 U.S.C. § 3582(c)(2) before November 1, 2015, so long as the effective date remains November 1, 2015. *See* U.S.S.G. § 1B1.10, comment n.6. Should the Court grant this motion, the amended judgment should have an effective date of November 1, 2015.

Based upon the foregoing, Mr. Kumah is eligible for relief under U.S.S.G. § 1B1.10, and a reduction in his sentence is consistent with that policy statement. Therefore, the Court should exercise its authority under 18 U.S.C. § 3582(c) and reduce his sentence to 50 months for the following reasons.

### C.   The Court Should Reduce the Defendant's Sentence to 50 Months.

The Court should reduce Mr. Kumah's sentence to 50 months because he poses no threat to public safety and because Mr. Kumah's behavior in prison reflects a determination to turn his life around. He has only a single, minor disciplinary incident for improper use of a telephone. He has taken a number of business and professional education classes, including in accounting and entrepreneurship, and is a frequent participant in his institution's drama classes. Mr. Kumah involved in religious activities, and is a member of a Christian faith-based community group. In

addition, Mr. Kumah has become an invaluable member of the UNICOR work force at FCI Petersburg as an administrative clerk. As a shipping clerk, Mr. Kumah is involved in producing financial reports for factory managers, and tracking production orders throughout their ordering and shipping process. Mr. Kumah's work has been praised by his supervisors as "a key asset," and he was recently approved for a monetary special achievement award for his hard work completing a high-value order in a compressed time frame. Mr. Kumah has taken every available opportunity to learn and improve his life, and has worked to be a healthy and productive member of society upon his release.

For these reasons, the Defendant respectfully requests that the Court enter the proposed Order attached hereto, with an effective date of November 1, 2015, and reduce his sentence to 50 months.

Respectfully submitted,
CHARLES KUMAH

By Counsel
Geremy C. Kamens
Acting Federal Public Defender

_____
Caroline S. Platt, Esquire
Admitted Pro Hac Vice
Counsel for the Defendant
Office of the Federal Public Defender
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA 22314
Telephone: 703-600-0810
Facsimile: 703-600-0880
Caroline_Platt@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing pleading was delivered by hand to the U.S. Attorney Office's box located in the U.S. District Court Alexandria Clerk's Office on June 25, 2015, to Larry Leiser, Assistant United States Attorney, 2100 Jamieson Avenue, Alexandria, Virginia, 22314.

A courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the filing.

*/s/ Caroline S. Platt*

Caroline S. Platt, Esquire
Admitted Pro Hac Vice
Counsel for the Defendant
Office of the Federal Public Defender
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA 22314
Telephone: 703-600-0810
Facsimile: 703-600-0880
Caroline_Platt@fd.org